Tallman, Kellogg, and Collins *against* Woodworth.

ALBANY,
August. 1807.

Zeely
v.
Yanson.

In a suit before a justice under the ten pound act, a constable who acts as such in the cause, ought not to be counsel, or attorney for either party, but where a constable who was counsel for the plaintiff, served a *venire*, and was sworn to attend the jury after the trial, and the defendant knew of his being counsel for the plaintiff, and made no objection to him, the court would not reverse the judgment on that account; it appearing also, that no injustice had been done, nor was any abuse shown.

IN error on *certiorari.* The constable who summoned the jury acted as counsel for the plaintiff. The defendant, though he knew that fact, gave the *venire* to the constable to serve. After the trial, the same constable was sworn to attend the jury, but the defendant made no objection to his going out with them.

The only question raised, on the return to the *certiorari*, was, whether the fact of the constable's being counsel for the plaintiff, under the circumstances of the case, rendered the judgment below erroneous.

*Sedgwick,* for the plaintiff in error.

*Ford,* contra.

*Per Curiam.* There was no form of proceeding violated in the present case; nor is it pretended that any injustice has been done. The constable had no *interest* in the verdict, though he had been counsel for one of the parties. The defendant below must have had confidence in him, since, after knowing that he was counsel for the plaintiff, he delivered the *venire* to him for summoning the jury. The practice of allowing a constable, who acts as such officer in the cause, to appear also as attorney for either party, is certainly not to be approved of, since it may lead to great abuse; but in the present case no abuse is shown, and we may fairly infer that both parties consented to his going out with the jury.

Judgment affirmed.